LEMMON, Justice,
dissenting.
Critical to defendant’s alibi defense was impeachment of the hot tamale vendor, whose identification evidence was the sole proof linking defendant to the crime.
Sharon Simmons testified that the victim was drinking while selling tamales on the evening of the robbery, directly contradicting the victim’s testimony.[1] Thus, if the jury credited Simmons’ testimony, then substantial doubt would have been cast on the victim’s credibility.
With the case in this posture, the prosecutor was allowed to proceed with a totally improper means of impeachment. The prosecutor asked Simmons if she knew Officer Johnson (an inquiry not relevant to any issue in this case) as a basis for showing that the officer had executed a search warrant at her residence, thus improperly suggesting to the jury that she was involved in criminal activity and was not worthy of belief. This deliberate prosecutorial misconduct could have no other purpose than to destroy, with irrelevant and unnecessary suggestive references, the credibility of the witness, who had given substantial testimony discrediting the victim’s identification of the defendant.
If there were other evidence of defendant’s guilt, I might view this impropriety as harmless (although reversal arguably is the only way to deter such misconduct). But since this record contains only the shaky and questionable identification that the defense might have successfully impeached, but for this improper questioning, basic fairness and substantial justice require that defendant be retried before a jury that can decide fairly whether to credit the hot tamale vendor or the defense witness.

. The trial judge (probably incorrectly) excluded other evidence that the victim had the habit of drinking on the job.